## *NATIONAL REGISTERED AGENTS, INC.*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  Michelle Drago
BLUE POINT CAPITAL PARTNERS
127 PUBLIC SQUARE
SUITE 5100
CLEVELAND, OH 44114-1312

SOP Transmittal # 523776592

213-337-4615 - Telephone

Entity Served:  SMITH COOPER INTERNATIONAL, INC. (Domestic State: CALIFORNIA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 28 day of October, 2013. The following is a summary of the document(s) received:

1.  **Title of Action:**  Palmetto Automatic Sprinkler Co., Inc., Pltf. vs. Smith Cooper International, Inc., et al., Dfts.

2.  **Document(s) Served:**    COMPLAINT,SUMMONS
Other: LETTER/COVER SHEET/ADR PACKETS

3.  **Court of Jurisdiction/Case Number:** Lexington County Court of Common Pleas, SC
Case # 2013CP3203623

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

| | | | |
|---|---|---|---|
| ___ Personally served by: | ___ Process Server | ___ Deputy Sheriff | ___ U. S Marshall |
| _X_ Delivered Via: | _X_ Certified Mail | ___ Regular Mail | ___ Facsimile |
| ___ Other (Explain): | | | |

6.  **Date of Receipt:**  10/28/2013

7.  **Appearance/Answer Date:**  Within 30 days after service, exclusive of the day of such service

8.  **Received From:**    Adam L. Homer
Hamilton Stephens Steele & Martin,
PLLC
201 S. College Street
Suite 2020
Charlotte, NC 28244
704-344-1117

9.  **Federal Express Airbill #** 797022101944

10.  **Call Made to:** Not required

11.    **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Email Notification, TIMOTHY W. HENRY THENRY@COOKANDBOARDMAN.COM
Email Notification, JULIANNE MARLEY JMARLEY@BLUEPOINTCAPITAL.COM
Email Notification, Michelle Drago mdrago@BluePointCapital.com

**NATIONAL REGISTERED AGENTS, INC.**                    CopiesTo:

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



Hasler
10/23/2013
US POSTAGE
$07.17⁰

ZIP 28244
011D11625854

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7196 9008 9040 2092 1973

RETURN RECEIPT REQUESTED

HSM
HS

STEELE + MARTIN, PLLC
ATTORNEYS AT LAW

201 South College Street
Suite 2020
Charlotte, NC 28244-2020

Smith Cooper International, Inc.
C/o National Registered Agents, Inc.
818 West Seventh Street
Los Angeles, CA 90017



HAMILTON STEPHENS
STEELE + MARTIN, PLLC
—————————————
ATTORNEYS AT LAW

Adam L. Horner
Email: ahorner@lawhssm.com
704-227-1041
*Also licensed in South Carolina*

October 23, 2013

**VIA CERTIFIED MAIL**

Leonhardt Pipe & Supply Inc.                Smith Cooper International, Inc.
Attn: David Leonhardt, Its Registered Agent   c/o National Registered Agents, Inc.
7516 Bud Henderson Road               818 West Seventh Street
Huntersville, NC 28078                  Los Angeles, CA 90017
Tracking No. 7196 9008 9040 2092 1942    Tracking No. 7196 9008 9040 2092 1973

Mr. Bob Cooper
Smith Cooper International
2867 Vail Avenue
Commerce, CA 90040
Tracking No. 7196 9008 9040 2092 2000

         **Re:**    *Palmetto Automatic Sprinkler Company, Inc. v. Smith Cooper International,*
            *Inc. and Leonhardt Pipe and Supply, Inc.; 2013 CP 3203623*

All:

       Please find enclosed for service the Civil Action Cover Sheet, Complaint, and Civil
Summons, filed in the above referenced matter on October 18, 2013.

                          Very Truly Yours,

                          Laura M. Glinka
                          Paralegal

Enclosures
cc:     Palmetto Automatic Sprinkler Company (*via email with enclosures*)

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF LEXINGTON )
)
PALMETTO AUTOMATIC SPRINKLER CO., ) CIVIL ACTION COVER SHEET
INC., )
                              Plaintiff(s) )
) 2013-CP -    -
        vs. )
)
SMITH COOPER INTERNATIONAL, INC. (and) )
LEONHARDT PIPE & SUPPLY, INC., )
                              Defendant(s) )

FILED
2013 OCT 17 P 12: 51
BETH A. CARRIGG
CLERK OF COURT
LEXINGTON COUNTY SC

COPY

| (Please Print) | SC Bar #: | 78166 / 100904 |
|---|---|---|
| Submitted By: Adam L. Horner & Laura Barringer | Telephone #: | 704. 344. 1117 |
| Address: | Fax #: | 704. 344. 1483 |
| Hamilton Stephens Steele + Martin, PLLC | Other: | |
| 201 South College Street, Suite 2020 | E-mail: | ahorner@lawhssm. com |
| Charlotte, NC 28244 | | |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
*If Action is Judgment/Settlement do not complete*

2013 CP 3203623

☒ JURY TRIAL demanded in complaint.  ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured | ☐ Other (899) | ☐ Worker's Comp (960) |
| | Settlement Payment Rights | | ☐ Zoning Board (970) |
| | Application (760) | | |
| | ☐ Other (799) | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |
| Special/Complex /Other | | | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☒ Other (999) |
| ☐ Automobile Arb. (610) | ☒ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | |
| ☒ Other (699) | ☐ Sexual Predator (510) | | |
| Negligence, Breach of Warranties | | Date: | October 16, 2013 |

Submitting Party Signature:

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Colleton, Florence, Greenville,
Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), and Richland

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE
DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA,      )
                           )    IN THE COURT OF COMMMON PLEAS

COUNTY OF   LEXINGTON     )

                           )

PALMETTO AUTOMATIC SPRINKLER             SUMMONS
CO, INC.,                     )

                           )

           Plaintiff,     )

vs.                        )    FILE NO.  2013 CP _____

                           )

SMITH COOPER INTERNATIONAL, INC.  )
and LEONHARDT PIPE & SUPPLY, INC.,  )

                           )

          Defendants.  )

                           )

FILED
2013 OCT 18  P 12: 54

Beth A. CARRIGG
CLERK OF COURT
LEXINGTON SC

TO THE DEFENDANTS ABOVE-NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Richland County, South Carolina

Dated: October 16, 2013

                              Plaintiff/Attorney for Plaintiff

                Address:    Adam L. Horner
                               Laura Barringer
                               Hamilton Stephens Steele + Martin, PLLC
                               201 S. College Street, Suite 2020
                               Charlotte, NC 28244-2020
                               (704) 344-1117

SCCA 401 (5/02)

FILED

STATE OF SOUTH CAROLINA      IN THE COURT OF COMMON PLEAS

2013 OCT 18 P 12: 51

COUNTY OF LEXINGTON      NO.: 2013-CP-_____

BETH A. CARRIGG
CLERK OF COURT
LEXINGTON SC

PALMETTO AUTOMATIC
SPRINKLER CO., INC.,

                      )

Plaintiff,                 )       **COMPLAINT**

                      )    **(Jury Trial Demanded)**

vs.                    )

                      )

SMITH COOPER INTERNATIONAL,   )
INC. and LEONHARDT PIPE &     )
SUPPLY, INC.,               )

                      )

Defendants.             )

*2013CP3203623*

     Plaintiff Palmetto Automatic Sprinkler Co., Inc., complaining of the Defendants alleges and says as follows:

### PARTIES, JURISDICTION AND VENUE

     1.     Plaintiff Palmetto Automatic Sprinkler Co., Inc. ("PASCO") is a corporation organized and existing under and by virtue of the laws of the State of South Carolina with its principal place of business in Lexington County, South Carolina.

     2.     Defendant Smith Cooper International, Inc. ("Smith Cooper") is a corporation organized and existing under the laws of the State of California with its principal place of business in Commerce, California. Smith Cooper manufactures and sells fittings, valves, and other components for Fire Sprinkler Systems. Smith Cooper does substantial and systematic business in South Carolina through the sale of its products to distributors and contractors throughout this State.

     3.     Leonhardt Pipe and Supply, Inc. ("Leonhardt") is a corporation organized and existing under and by virtue of the laws of the State of North Carolina with its principal place of

business in Mecklenburg County, North Carolina. Leonhardt is in the business of selling and distributing fire sprinkler components. Leonhardt holds itself out to have special knowledge and skill regarding Fire Sprinkler Systems and components.

4. This Court has jurisdiction over the subject matter and parties to this lawsuit.

5. Venue is proper in Lexington County.

## FACTUAL BACKGROUND

6. From approximately September 9, 2006 through July 31, 2007, PASCO purchased weld outlets known as Cooplets ("Cooplets") from Leonhardt. The Cooplets were manufactured by Smith Cooper or its agent or representative entity.

7. The Cooplets are intended to be welded onto a piece of sprinkler piping and act as the female component of a sprinkler head assembly.

8. From approximately September, 2006 through approximately June, 2007, PASCO welded the Cooplets onto its fabricated piping. PASCO used the Cooplets in their proper way and welded them onto their manufactured piping properly and in all ways consistent with the standards of the industry and the manufacturer.

9. PASCO then installed the sprinkler piping with the welded Cooplets into multiple large facilities. PASCO installed sprinkler heads into the Cooplets to finalize the sprinkler head assembly.

10. On or about July 1, 2013, PASCO learned that the Cooplets were defective and the cause of leakage in sprinkler head assemblies in at least one project.

11. As a direct and proximate result of the defective Cooplets, the sprinkler head assemblies have corroded and otherwise become damaged requiring repair and/or replacement.

12.    As a result of the installation of the defective Cooplets, PASCO has been forced to incur and will continue to incur significant expense in remediating the damage caused.

13.    Additionally, as a direct and proximate result of the installation of the defective Cooplets, PASCO has lost contracts and significant profits. Additionally, PASCO's reputation has been irreparably damaged.

14.    Upon information and belief, Smith Cooper became aware in the third quarter of 2006 that the Cooplets, including the Cooplets that were sent to Leonhardt and ultimately sold to PASCO, were manufactured improperly and could potentially cause sprinkler assemblies to malfunction. Shortly thereafter, Leonhardt learned, upon information and belief, Smith Cooper and Leonhardt were aware of the problem before and while the Cooplets were installed by PASCO.

15.    Despite knowing their products would cause physical damage to the premises where installed, financial harm to contractors and distributors, who are Smith Cooper and Leonhardt's customers and potential significant injury to the general public, Smith Cooper and Leonhardt failed to recall the defective products. Smith Cooper and Leonhardt also failed to notify or warn contractors that were in possession of the defective Cooplets, including PASCO.

16.    If Smith Cooper or Leonhardt had recalled the Cooplets or notified PASCO that they were defective, PASCO would not have used them in its sprinkler head assemblies and all damages incurred could have been avoided.

## FIRST CLAIM FOR RELIEF
### (Negligence – Smith Cooper and Leonhardt)

17.    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

18.    Defendant Smith Cooper designed, manufactured, sold, and supplied Cooplets used in sprinkler head assemblies installed by PASCO in various facilities in South Carolina.

19.    The Cooplets were dangerous and defective.

20.    The dangerous and defective condition of the Cooplets is the proximate cause of the damage to the sprinkler assemblies.

21.    Smith Cooper was negligent in that it, through its agents, employees, officers, representatives, and others for whom it is legally responsible:

a.     Negligently and wantonly designed, manufactured, sold, and supplied equipment used by PASCO in fire sprinkler assemblies;

b.     Negligently and wantonly failed to properly test the equipment which it designed, manufactured, sold, and supplied, and which was used by PASCO in its fire sprinkler assemblies;

c.     Negligently and wantonly failed to properly design the equipment which it designed, manufactured, sold, and supplied, and which was used by PASCO in its fire sprinkler assemblies;

d.     Negligently and wantonly failed to recall the products and failed to provide adequate and appropriate warnings with regard to the Cooplets which it designed, manufactured, sold, and supplied, and which were used by PASCO in its fire sprinkler assemblies;

22.    As a direct and proximate result of the negligence of Smith Cooper, by and through the acts and omissions of its agents, employees, officers, representatives, and others for whom it is legally responsible, as previously described, PASCO has suffered direct, consequential, and special damages in an amount to be determined at trial, but believed to exceed $7,500.

## SECOND CLAIM FOR RELIEF
### (Breach of Warranties – Smith Cooper)

23.      Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

24.      Smith Cooper, by and through its agents, employees, officers, representatives, and others for whom it is legally responsible, in order to induce the purchase of the Cooplets, which it manufactured, marketed and sold under its trade name, advertised to the public the availability and safety of the Cooplets.

25.      Such advertising contained affirmations, promises, descriptions, and/or samples of the Cooplets, including but not limited to, descriptions or labels found in purchase orders and on shipping containers.

26.      Through the use of such advertising, Smith Cooper by and through its agents, employees, officers, representatives, and others for whom it is legally responsible, for the benefit of ultimate consumers and users, including PASCO, made express representations and express and implied warranties to consumers and users that the Cooplets were manufactured with the highest quality and that they could use the Cooplets without fear of malfunction in ordinary uses, and in the manner directed and for the purpose intended by Smith Cooper.

27.      In using the Cooplets, PASCO relied upon the skill and judgment of Smith Cooper.

28.      The Cooplets were defective in design and manufacture, and such defect breached the express and implied warranties given by Smith Cooper by and through its agents, employees, officers, representatives, and others for whom it is legally responsible.

29.      As a direct and proximate result of the breach of express and implied warranties, including the warranties of merchantability and warranty of fitness for a particular purpose, PASCO

has suffered direct, consequential, and special damages to be determined at trial but believed to exceed $7,500.

30.    Timely notice of these breaches of warranty has been given to Smith Cooper.

### THIRD CLAIM FOR RELIEF
### (South Carolina Unfair Trade Practices – Smith Cooper and Leonhardt)

31.    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

32.    Smith Cooper and Leonhardt's actions, including but not limited to: (1) knowingly selling defective products, and/or (2) failure to recall defective products they knew were defective, and/or (3) failure to warn PASCO of the potential defects to products intended to protect the general public. Smith Cooper and Leonhardt's actions were unfair and deceptive within the meaning of the Unfair Trade Practice Act, S.C. Code Ann. § 39-5-10 *et seq.*

33.    Smith Cooper and Leonhardt's actions were and are in and affecting commerce.

34.    Smith Cooper and Leonhardt's unfair and deceptive acts have an adverse effect on the public interest in that Smith Cooper and Leonhardt's practices have the potential for repetition.

35.    Smith Cooper and Leonhardt's have sold defective products to other consumers in the past and have failed to recall or notify those consumers of the defects in the products.

36.    Absent deterrence, Smith Cooper and Leonhardt will continue to sell potentially defective products to unknowing consumers who then install those products to protect the public, thus having an adverse impact on the public interest.

37.    As a direct and proximate result of Defendants' unfair and deceptive trade practices, PASCO has been damaged in an amount to be proved at trial, but believed to exceed $7,500.00.

38. As a result of Smith Cooper's actions, PASCO is entitled to recover treble damages and attorney's fees and other expenses pursuant to S.C. Code Ann. § 39-5-140.

## FOURTH CLAIM FOR RELIEF
### (Breach of Warranties – Leonhardt)

39. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

40. Leonhardt by and through its agents, employees, officers, representatives, and others for whom it is legally responsible, in order to induce the purchase of the Cooplets, which it sold and supplied in its stores, advertised to the public the availability and safety of the products it sold, including the Cooplets.

41. Such advertising contained affirmations, promises, descriptions, and/or samples of the Cooplets, including but not limited to, descriptions or labels found in purchase orders and on shipping containers.

42. Through the use of such advertising, Leonhardt by and through its agents, employees, officers, representatives, and others for whom it is legally responsible, for the benefit of ultimate consumers and users, including PASCO, made express representations and express and implied warranties to consumers and users that the Cooplets were free of defects and could be properly used in the manner directed and for the purpose intended by PASCO.

43. In using the Cooplets, PASCO relied upon the skill and judgment of Leonhardt.

44. The Cooplets were defective in design and manufacture, and such defect breached the express and implied warranties given by Leonhardt by and through its agents, employees, officers, representatives, and others for whom it is legally responsible.

45. As a direct and proximate result of the breach of express and implied warranties, including the warranties of merchantability and warranty of fitness for a particular purpose, given

{00283854.DOCX V.2 P308.020770;}                 7

for the benefit of ultimate consumers and users, PASCO has suffered direct, consequential, and special damages to be determined at trial but believed to exceed $7,500.

46. Timely notice of these breaches of warranty has been given to Leonhardt.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract– Leonhardt)

47. PASCO hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

48. PASCO entered into a contract with Leonhardt in which Leonhardt agreed to sell and PASCO agreed to purchase weld outlets that could be used as part of a sprinkler assembly.

49. PASCO satisfied its obligations under the contract by paying for the Cooplets.

50. However, Leonhardt breached the contract by failing to sell PASCO weld outlets that could be used properly in a Fire Sprinkler Assembly.

51. As a direct and proximate result of the breach by Leonhardt, by and through the acts and omissions of its agents, employees, officers, representatives, and others for whom it is legally responsible, as previously described, PASCO has suffered direct, consequential, and special damages in an amount to be determined at trial, but believed to exceed $7,500.

## SIXTH CLAIM FOR RELIEF
### (Breach of Contract Accompanied by a Fraudulent Act – Leonhardt)

52. PASCO hereby incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

53. PASCO entered into a contract with Leonhardt in which Leonhardt agreed to sell and PASCO agreed to purchase weld outlets that could be used as part of a sprinkler assembly.

54. PASCO satisfied its obligations under the contract by paying for the Cooplets.

55.    However, Leonhardt breached the contract by failing to sell PASCO weld outlets that could be used properly in a Fire Sprinkler Assembly.

56.    Leonhardt had a fraudulent intent in breaching the contract by selling to PASCO weld outlets that Leonhardt knew were defective.

57.    Leonhardt acted fraudulently in breaching the contract by knowing full well that Smith Cooper was manufacturing defective weld outlets and then deciding to sell to PASCO those defective weld outlets in violation of the contract to provide working parts of a sprinkler assembly.

58.    As a direct and proximate result of the breach by Leonhardt, by and through the acts and omissions of its agents, employees, officers, representatives, and others for whom it is legally responsible, as previously described, PASCO has suffered direct, consequential, and special damages in an amount to be determined at trial, but believed to exceed $7,500.

**WHEREFORE,** Plaintiff prays that it have and recover of the Defendants:

1.    Damages against Smith Cooper in an amount to be assessed at trial but in any event an amount in excess of $7,500.00 for its negligence;

2.    Damages against Smith Cooper in an amount to be assessed at trial but in any event an amount in excess of $7,500.00 for its breach of warranties;

3.    Damages against Smith Cooper in an amount to be assessed at trial but in any event an amount in excess of $7,500.00 trebled, plus attorneys' fees for its unfair trade practices;

4.    Damages against Leonhardt in an amount to be assessed at trial but in any event an amount in excess of $7,500.00 for its breach of warranties;

5.    Damages against Leonhardt in an amount to be assessed at trial but in any event an amount in excess of $7,500.00 for its breach of contract;

6.    Punitive damages against Leonhardt in an amount to be assessed at trial but in any

event an amount in excess of $7,500.00 for its breach of contract accompanied by a fraudulent act;

7.    Costs as provided by law;

8.    A jury trial on all issues so triable;

9.    Any other relief which the Court deems just and proper.

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

By: _____

Adam L. Horner, S.C. Bar No. 78166
Laura G. Barringer, S.C. Bar No. 100904
201 S. College Street
Charlotte, NC 28244-2020
Telephone: (704) 344-1117
ahorner@lawhssm.com
lbarringer@lawhssm.com
*Attorneys for Plaintiff Palmetto Automatic Sprinkler Co., Inc.*