IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Palmetto Automatic Sprinkler Co., Inc., ) | |
| ) | C.A. No. 3:13-CV-3313-MBS |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| Smith Cooper International, Inc., and ) | |
| Leonhardt Pipe & Supply, Inc., ) | |
| Defendants. ) | |

On October 18, 2013, Plaintiff Palmetto Automatic Sprinkler Co., Inc., ("Plaintiff") filed this action against Defendant Smith Cooper International, Inc. ("Smith Cooper") and Defendant Leonhardt Pipe & Supply, Inc. ("Leonhardt") in the Lexington County Court of Common Pleas. In its complaint, Plaintiff asserts claims for negligence, breach of warranties, breach of contract, breach of contract accompanied by a fraudulent act, and violations of the South Carolina Unfair Trade Practices Act. ECF No. 1. On November 27, 2013, Smith Cooper filed a notice of removal pursuant to 28 U.S.C. §§ 1332 and 1446. ECF No. 1. On December 3, 2013, Leonhardt filed a motion to remand the case to the Lexington County Court of Common Pleas. ECF No. 10. On December 9, 2013, Smith Cooper filed a response indicating that it does not oppose Leonhardt's motion to remand. ECF No. 11.

## I. PROCEDURAL BACKGROUND

Following the filing of Plaintiff's complaint on October 18, 2013, Smith Cooper was served with a copy of the summons and complaint via certified mail on October 28, 2013. *Id.* at 1. Thereafter, on November 27, 2013, Smith Cooper filed a notice of removal in this court pursuant to

28 U.S.C. §§ 1332 and 1446 on the basis of diversity jurisdiction.[1] At the time Smith Cooper filed its notice of removal, it was "unable to determine if Leonhardt was properly joined and served." ECF No. 11 at 1. On December 3, 2013, Leonhardt filed the instant motion to remand, indicating that it had not consented to, and in fact opposed, removal of the case. ECF No. 8 at 1. Leonhardt's motion contains no information concerning service of process prior to Smith Cooper's notice of removal.

## II. LEGAL BACKGROUND

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). The relevant procedure for removing a case to federal court is as follows:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[1] Plaintiff is a corporation organized and existing under and by virtue of the laws of the State of South Carolina with its principal place of business in Lexington County, South Carolina. ECF No. 1-1 at 7. Smith Cooper is a corporation organized and existing under and by virtue of the laws of the State of California with its principal place of business in Commerce, California. *Id.* Leonhardt is a corporation organized and existing under and by virtue of the laws of the State of North Carolina with its principal place of business in Mecklenburg County, North Carolina. *Id.* at 7-8. The amount in controversy exceeds $75,000. ECF No. 1 at 2.

28 U.S.C. § 1446. "The Supreme Court has construed these statutes to require all defendants in a case to join in or consent to removal, creating the so-called 'rule of unanimity.'" *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). The Fourth Circuit has recognized that "the rule of unanimity is consistent with [the court's] obligation to construe removal jurisdiction strictly because of the significant federalism concerns implicated." *Id.* (internal quotations omitted). "When a defendant does not timely join in a removal petition and the plaintiff does not waive the irregularity, the plaintiff is entitled to a remand." *Funchess v. Blitz U.S.A., Inc.*, 2010 WL 4780357, at *4 (D.S.C. Nov. 16, 2010).

Federal courts have recognized exceptions to the rule of unanimity. *See Hartford Fire Ins. Co.*, 736 F.3d at 259. A defendant need not join in or consent to removal if: "(1) it had not been served with process at the time the removal petition was filed; (2) it is merely a nominal or formal party defendant; or (3) the removed claim is independent of one or more nonremovable claims against the nonjoining defendants." *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 (E.D. Va. 1992). "The burden of demonstrating jurisdiction and therefore the propriety of removal rests with the removing party." *Hartford Fire Ins. Co.*, 736 F.3d at 259. Thus, where a defendant does not consent to removal, the party seeking removal has the burden of proving that an exception to the rule of unanimity applies. *See Creed v. Virginia*, 596 F. Supp. 2d 930, 934 (E.D. Va. 2009).

### III. DISCUSSION

In its motion to remand, Leonhardt contends that because it does not consent to removal, the case must be remanded. ECF No. 10-1 at 1. In response, Smith Cooper concedes that it is "without basis to oppose Leonhardt's Motion to remand this action." ECF No. 11 at 2. Specifically, Smith Cooper contends that at the time it filed its notice of removal, it was not aware of whether Leonhardt

3

had been properly joined and served. *Id.* Without providing any further information concerning whether Leonhardt had been served with process, Smith Cooper's response concedes that it "lacks the requisite consent of Leonhardt necessary to proceed forward with removal of this case to the District Court." ECF No. 11 at 2.

Although Smith Cooper does not object to Leonhardt's motion to remand, as a general rule, the parties cannot stipulate to questions of federal subject matter jurisdiction. *City Nat. Bank v. Edmisten,* 681 F.2d 942, 945 n.5 (4th Cir. 1982). In that regard, despite the consent of both Defendants, the court must still consider whether remand is appropriate in this case. It is well established that Leonhardt does not consent to removal. The court recognizes that ordinarily, the failure of any defendant to consent to removal renders the removal improper and requires remand. *Tyler v. Gant*, 2:11-118-TLW-BHH, 2011 WL 2119298, at *3 (D.S.C. Mar. 10, 2011), *report and recommendation adopted*, 2:11-CV-118-TLW-BHH, 2011 WL 2111401 (D.S.C. May 27, 2011) ("The failure of all served defendants to join in or consent to a removal petition within the thirty day period of being served is sufficient to render removal improper and to require remand.").

However, an exception to the rule of unanimity may be invoked if a defendant has not been served with process at the time the removal petition was filed. At the time Smith Cooper filed its removal petition, it lacked knowledge regarding whether Leonhardt had been properly served. However, this lack of knowledge cannot satisfy the service of process exception to the rule of unanimity. As the removing party, Smith Cooper bears the burden of establishing federal subject matter jurisdiction. *Jones v. Allstate Ins. Co.*, 258 F. Supp. 2d 424, 426 (D.S.C. 2003). Smith Cooper has presented no evidence concerning whether Leonhardt was served with process at the time the removal petition was filed. Instead, Smith Cooper has expressly "concede[d] that all conditions

4

precedent to removal under 28 U.S.C. § 1446 have not been met." ECF No. 11 at 2. Accordingly, the court finds that Smith Cooper has not sustained its burden of proving that an exception to the rule of unanimity is applicable. Because Leonhardt does not consent to the removal and because no exception to the unanimity rule has been shown, the court grants Leonhardt's motion to remand. *See Thalacker v. Concessions Int'l, LLC*, 1:06CV2685, 2007 WL 521902, at *4 (N.D. Ga. Feb. 15, 2007) ("Because Defendants have failed to show that this case falls under the exception to the unanimity rule . . . this case was not properly removed and it is required to be remanded.").

## IV. CONCLUSION

For the foregoing reasons, Defendant Leonhardt's motion to remand, ECF No. 10, is **GRANTED**. This case is hereby **REMANDED** to the Lexington County Court of Common Pleas.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
January 21, 2014

5